UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62182-SMITH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

APPROXIMATELY 919.30711258 ETHER COINS
SEIZED FROM ETHEREUM WALLET ADDRESS
0x71949d87258c4ca6827730c337f80907d73c7800;

APPROXIMATELY 2.65995166 BITCOINS
FORMERLY HELD IN BITCOIN WALLET ADDRESS
16qq4DGd2R9vcK5xmV5nRQmoZn2WZVSYK1; AND

ALL VIRTUAL CURRENCY SEIZED ON OR
ABOUT JUNE 16, AND 19, 2017, AND FORMERLY
HELD IN BITCOIN WALLET ADDRESS
12EZr5x8mFpxS6ypNobhPXmyj4BbRkm6GW,
INCLUDING, BUT NOT LIMITED TO,
APPROXIMATELY 640.26804512 BITCOINS;
APPROXIMATELY 640.2716098 BITCOIN CASH;
APPROXIMATELY 640.2715428 BITCOIN GOLD;
AND APPROXIMATELY 640.2716043 BITCOIN SV,

       Defendants *In Rem*.
_____/

## UNITED STATES' MOTION FOR CLERK'S ENTRY OF DEFAULT, AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and in accordance with Rule C(8) of the Local Admiralty and Maritime Rules, Plaintiff, the United States of America, ("Government" or the "United States") by and through its undersigned counsel, respectfully requests the Clerk of Court to enter a default against the above-captioned Defendants *In Rem* and any and all other claimants to such property. In support of this motion, the United States submits the following factual and legal bases.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On October 21, 2021, the United States filed a Verified Complaint for Forfeiture *In Rem* [ECF No. 1] alleging that the following assets were subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) (collectively, "Defendant Virtual Currency"):

   a) Approximately 919.30711258 ether coins seized on or about May 16, 2017, from Ethereum wallet address 0x71949d87258c4ca6827730c337f80907d73c7800;

   b) Approximately 2.65995166 bitcoins seized on or about June 30, 2017, and formerly held in Bitcoin wallet address 16qq4DGd2R9vcK5xmV5nRQmoZn2WZVSYK1; and

   c) All virtual currency seized on or about June 16, and 19, 2017, and formerly held in Bitcoin wallet address 12EZr5x8mFpxS6ypNobhPXmyj4BbRkm6GW, including, but not limited to, approximately 640.26804512 bitcoins, approximately 640.2716098 Bitcoin Cash, approximately 640.2715428 Bitcoin Gold, and approximately 640.2716043 Bitcoin SV.

2. In accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules"), the United States published notice of this action on an official government site (www.forfeiture.gov) for thirty (30) consecutive days beginning on November 3, 2021 and ending on December 3, 2021. *See* Declaration of Publication, ECF No. 3.

3. The only known potential claimant ("Individual 1") had actual knowledge of the forfeiture action against the Defendant Virtual Currency. Further, on October 19, 2021, the government obtained a signed Stipulation and Consent to Forfeiture in which Individual 1 freely

and voluntarily waived direct notice of the forfeiture of the Defendant Virtual Currency.[1]  See Exhibit A (Stipulation & Consent to Forfeiture).

4.    To date, no claims have been filed for the Defendant Virtual Currency, and the time for doing so has expired.

## II.    Memorandum of Law

This *In Rem* action is governed by Rule G of the Supplemental Rules, Rules C and E of the Local Admiralty and Maritime Rules ("Local Admiralty Rules"), and the Federal Rules of Civil Procedure.  *See* Supp. R. G(1).  Rule 55 of the Federal Rules of Civil Procedure authorizes the Clerk of Court to enter a default when there are no pending claims in a civil forfeiture action.  In relevant part, Rule 55(a) states:

> (a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).  Under the Local Admiralty Rules, which apply to admiralty *In Rem* proceedings that are analogous to the instant action, the Clerk of Court may enter default upon motion and supporting legal memorandum by the party seeking default and "other proof sufficient to demonstrate that due notice of the action and arrest have been given . . . ."  *See* Local Admiralty Rule C(8).

Rule G of the Supplemental Rules sets forth the notice requirements for civil forfeiture actions.  *See* Supp R. G(4), (5).  Pursuant to Rule G(4) of the Supplemental Rules, the United States must publish notice of the civil forfeiture action on an official internet government forfeiture site for at least thirty (30) consecutive days, and send direct notice of the action and a copy of the

---

[1] Should the Court want to review the unredacted copy, the Government can provide it to Chambers.

complaint to any person who reasonably appears to be a potential claimant on the facts known to the Government before the time for filing a claim expires. *See* Supp. R. G(4)(a)(iv)(C), (b)(iii). A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because that person did not receive the required direct notice. *See* Supp. R. G(4)(b)(v).

The United States has filed the following sufficient proof to demonstrate that due notice of this civil forfeiture action has been given:

- a. Notice of this civil forfeiture action was published on an official internet government forfeiture site (www.forfeiture.gov) for thirty (30) consecutive days beginning on November 3, 2021 and ending on December 3, 2021. *See* Declaration of Publication, ECF No. 3.
- b. Individual 1 had actual knowledge of the forfeiture action against the Defendant Virtual Currency. Additionally, Individual 1 signed a Stipulation and Consent to Forfeiture in which he or she waived direct notice of the forfeiture of the Defendant Virtual Currency. *See* Exhibit A.

The time for filing a claim to the Defendant Virtual Currency has expired. *See* 18 U.S.C. § 983(a)(2), (4); Supp. R. G(4), (5) (requiring filing of claim within 35 days after direct notice is sent, 60 days from the first day of publication on an official internet government forfeiture site). No claims to the Defendant Virtual Currency were filed. Accordingly, no party has a pending claim or has otherwise defended against the forfeiture of the Defendant Virtual Currency, which is the subject of this motion.

**WHEREFORE**, the United States respectfully requests the Clerk of Court enter a default against the Defendant Virtual Currency and all potential claimants who have failed to plead or otherwise defend against the forfeiture of the Defendant Virtual Currency. Following notice of the entry of default, the United States intends to seek an order of forfeiture by default judgment from the Court. *See* Fed. R. Civ. P. 55(b); *see also* Local Admiralty Rule C(9).

                Respectfully submitted,

                JUAN ANTONIO GONZALEZ
                UNITED STATES ATTORNEY

By:    /s/ *Mitchell Hyman*_____
        Mitchell Hyman
        Assistant United States Attorney
        Florida Bar No. 125405
        U.S. Attorney's Office
        99 Northeast Fourth Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9283
        Email: Mitchell.Hyman@usdoj.gov