UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62182-SMITH

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

APPROXIMATELY 919.30711258 ETHER COINS
SEIZED FROM ETHEREUM WALLET ADDRESS
0x71949d87258c4ca6827730c337f80907d73c7800, *et al.*,

        Defendants *In Rem*.
_____/

**UNITED STATES' RESPONSE TO ORDER**
**REQUIRING JOINT SCHEDULING REPORT [ECF NO. 5]**

Plaintiff, the United States of America, ("Government" or the "United States") by and through its undersigned counsel, files the following Response to this Court's Order [ECF No. 5], which requires the parties to file, by February 25, 2022, (a) a joint scheduling report; (b) certificate of interested parties and corporate disclosure statements; and (c) an election to jurisdiction by a United States Magistrate Judge for Final Disposition of Motions form and, if applicable, the Election to Jurisdiction of a United States Magistrate Judge. *See* Order, ECF No. 5. In the above-captioned civil forfeiture case, Defendants *In Rem* are assets subject to forfeiture and no third-party claimants have intervened as parties during the requisite filing period. Consequently, no scheduling order is necessary as this case is expected to proceed to default judgment. In further support of this Response, the United States submits the following:

    1.    On October 21, 2021, the United States filed a Verified Complaint for Forfeiture *In Rem* [ECF No. 1] alleging the above-captioned Defendants *In Rem* ("Defendant Property") were

subject to forfeiture to the United States as computer fraud proceeds, property involved in money laundering, and/or property traceable to such property, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

2. In accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules"), the United States published notice of this action on an official government site (www.forfeiture.gov) for thirty (30) consecutive days, which provided that any person claiming a legal interest in the Defendant Property must file a Verified Claim with the court within sixty (60) days from the first day of publication and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within twenty-one (21) days thereafter. *See* Declaration of Publication, ECF No. 3.

3. Further, the only known potential claimant ("Individual 1") had actual knowledge of the forfeiture action against the Defendant Property. *See* U.S.' Mot. for Clerk's Entry of Default, ECF No. 6, Exhibit A (Stipulation & Consent to Forfeiture).

4. To date, no claims have been filed for the Defendant Property, and the time for doing so has expired.

5. As such, there are no other parties to this action with whom the United States can confer, and on January 10, 2022, the Clerk of Court, upon motion of the United States and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, entered a default against the Defendant Property. *See* Clerk's Default, ECF No. 7; *see also* U.S.'s Mot. For Clerk's Entry of Default, ECF No. 6.

6. Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, the United States anticipates filing its motion for Judgment of Forfeiture by Default against the Defendant Property

in the coming weeks, which if granted, would resolve this action.

**WHEREFORE**, the United States respectfully requests that the Court accept this Response to its Order and permit this case to proceed to obtain a default judgment.

Respectfully submitted,

**JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY**

By: */s/ Mitchell Hyman*
Mitchell Hyman
Assistant United States Attorney
Florida Bar No. 125405
U.S. Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9283
Email: Mitchell.Hyman@usdoj.gov