UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62182-SMITH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

APPROXIMATELY 919.30711258 ETHER COINS
SEIZED FROM ETHEREUM WALLET ADDRESS
0x71949d87258c4ca6827730c337f80907d73c7800, *et al.*,

        Defendants *In Rem*.
_____/

**UNITED STATES' MOTION FOR ENTRY OF ORDER OF FORFEITURE BY DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)(2), AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and in accordance with Rule C(9) of the Local Admiralty and Maritime Rules, Plaintiff, the United States of America ("Government" or "United States"), by and through the undersigned Assistant United States Attorney, respectfully moves the Court to enter an Order of Forfeiture by Default Judgment against the above-captioned Defendants *In Rem*. In support of this motion, the United States submits the following factual and legal bases.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

1.      On October 21, 2021, the United States filed a Verified Complaint for Forfeiture *In Rem* ("Verified Complaint") [ECF No. 1], alleging that the following assets constitute proceeds of computer fraud in violation of 18 U.S.C. § 1030, property involved in money laundering transactions in violation of 18 U.S.C. § 1956, and/or property traceable to such property; and,

therefore, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) (collectively, the "Defendant Virtual Currency"):

    a) Approximately 919.30711258 ether coins seized on or about May 16, 2017, from Ethereum wallet address 0x71949d87258c4ca6827730c337f80907d73c7800;

    b) Approximately 2.65995166 bitcoins seized on or about June 30, 2017, and formerly held in Bitcoin wallet address 16qq4DGd2R9vcK5xmV5nRQmoZn2WZVSYK1; and

    c) All virtual currency seized on or about June 16, and 19, 2017, and formerly held in Bitcoin wallet address 12EZr5x8mFpxS6ypNobhPXmyj4BbRkm6GW, including, but not limited to, approximately 640.26804512 bitcoins, approximately 640.2716098 Bitcoin Cash, approximately 640.2715428 Bitcoin Gold, and approximately 640.2716043 Bitcoin SV.

2. The United States published notice of this action on an official government site (www.forfeiture.gov) for thirty (30) consecutive days beginning on November 3, 2021 and ending on December 3, 2021, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules"). *See* Declaration of Publication, ECF No. 3.

3. Further, the only known potential claimant ("Individual 1") had actual knowledge of the forfeiture action against the Defendant Virtual Currency. *See* U.S.'s Mot. for Clerk's Entry of Default, Exhibit A (Stipulation & Consent to Forfeiture), ECF No. 6-1.

4. To date, no claims have been filed for the Defendant Virtual Currency, and the time for doing so has expired.

5.      On January 10, 2022, the Clerk of Court, upon motion of the United States and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, entered a default against the Defendant Virtual Currency.  *See* Clerk's Default, ECF No. 7; *see also* U.S.'s Mot. for Clerk's Entry of Default, ECF No. 6.

## II.    MEMORANDUM OF LAW

This *in rem* action is governed by Rule G of the Supplemental Rules and the Federal Rules of Civil Procedure.  *See* Supp. R. G(1).  Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, after the Clerk of Court enters a default in a case other than for a sum certain, a "party must apply to the court for a default judgment."  *See* Fed. R. Civ. P. 55(b)(2).  Under the Local Admiralty and Maritime Rules ("Local Admiralty Rules"), which apply to admiralty *in rem* proceedings that are analogous to the instant action, the moving party must make its application for default judgment "[n]ot later than thirty (30) days following notice of the entry of default."  *See* Local Admiralty Rule C(9).

Here, no other parties have intervened, and the Clerk of Court entered a default against the Defendant Virtual Currency on January 10, 2022.  *See* Clerk's Default, ECF No. 7.  The United States makes this application for an Order of Forfeiture by Default Judgment within the thirty (30) days contemplated by Local Admiralty Rule C(9).

To determine if the Government is entitled to default judgement, courts generally considered (1) whether the Court has subject-matter jurisdiction over the case, *see Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have an obligation to ensure subject-matter jurisdiction), (2) whether the Government properly effectuated service of process, *see Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982)

(improper service renders judgment void), and (3) whether the well-pleaded factual allegations state a claim where relief may be granted. *See Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d, 1200, 1206 (5th Cir. 1975).

First, this Court has subject-matter jurisdiction over this case. A district court has original jurisdiction over civil cases by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355. A forfeiture action may also be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred. *See* 28 U.S.C. § 1355(b)(1)(A). The United States is the plaintiff in this civil forfeiture action and, as set forth in the Verified Complaint, the acts or omissions giving rise to the forfeiture occurred in the Southern District of Florida, and the Defendant Virtual Currency was seized in Parkland, Florida, which is within this District. *See* Verified Complaint 2, ECF No. 1.

Second, the Defendant Virtual Currency is in the custody of the United States, and the Clerk issued a Warrant for Arrest *In Rem*. *See* Warrant for Arrest *In Rem*, ECF No. 4; *see also* Returns, ECF Nos. 8, 9, and 11. The Government has also complied with Rule G of the Supplemental Rules, which sets forth the notice requirements for civil forfeiture actions. *See* Supp R. G(4), (5). Pursuant to Rule G(4), the United States published notice of the civil forfeiture action on an official internet government forfeiture site for at least thirty (30) consecutive days and sent direct notice of the action and a copy of the Verified Complaint to any person who reasonably appeared to be a potential claimant. *See* Supp. R. G(4)(a)(iv)(C), (b)(iii). Further, a potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the Government's failure to send the required notice. *See* Supp. R. G(4)(b)(v). As the United States established in its Motion for Clerk's Entry of Default, the requirements for proper

4

notice set for in Rule G of the Supplemental Rules have been fully satisfied. *See* U.S.'s Mot. for Clerk's Entry of Default, ECF No. 6; *see also* Declaration of Publication, ECF No. 11.

Lastly, the United States is entitled to final default judgment because the factual allegations set forth in the Verified Complaint, when taken as true, show that the Defendant Virtual Currency constitutes proceeds of computer fraud in violation of 18 U.S.C. § 1030, property involved in money laundering transactions in violation of 18 U.S.C. § 1956, and/or property traceable to such property; and, therefore, is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C). No claims have been filed against the forfeiture of the Defendant Virtual Currency. Therefore, the factual allegations of the Verified Complaint are not only verified by Special Agent Stephan George of the Internal Revenue Service Criminal Investigation, but are also undisputed. *See* Verified Complaint, ECF No. 1. Consequently, hearings are not necessary to enter or effectuate the default judgment. *See* Fed. R. Civ. P. 55(b)(2); *accord* Local Admiralty Rule 9(a).

Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of [a federal money laundering offense, 18 U.S.C. § 1956], or any property traceable to such property" is subject to forfeiture to the United States. Further, pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' . . . , or a conspiracy to commit such offense" is subject to forfeiture to the United States. A "specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7) to include, among other things, computer fraud in violation of 18 U.S.C. § 1030. Pursuant to 18 U.S.C. § 1030(a)(6)(A), it is unlawful to, knowingly and with intent to defraud, traffic in any password or

similar information through which a computer may be accessed without authorization if such trafficking affects interstate or foreign commerce.

As set forth in the Verified Complaint, from at least in or around October 2015, an individual ("Individual 1") was involved in the selling of illicit items and hacked online account information on several Dark Web marketplaces. *See* Verified Complaint ¶ 13, ECF No. 1. In or around 2016 and 2017, undercover law enforcement agents purchased hacked online account information from a vendor using an online alias ("Moniker 1"). *See id*. at ¶ 15. Law enforcement agents contacted some of the relevant online service providers, such as Netflix and Uber, and confirmed that the accounts purchased from Moniker 1 appeared to belong to real and unrelated individuals. *See id*. at ¶ 16. Further, law enforcement agents then contacted some of the subscribers and confirmed that they did not know that access information to their online accounts had been sold by Moniker 1 on Dark Web marketplaces. *See id*. at ¶ 17.

Through investigative means, law enforcement agents identified a residence in Parkland, Florida linked to Individual 1 after Moniker 1 provided the address as the shipping address when he or she previously purchased narcotics from Dark Web marketplaces. *See id*. at ¶ 18-20. Internet traffic to and from the Parkland Residence confirmed that Individual 1 was controlling the online alias Moniker 1. *See id.* at ¶ 22.

Further, law enforcement agents identified Individual 1 controlled PNC Bank personal checking account ending in 0929. *See id*. at ¶ 23. The cash transaction activity in Individual 1's PNC Bank account ending in 0929, and surveillance photos of Individual 1 making cash withdrawals, was consistent with that of a Dark Web vendor converting illicit virtual currency into cash using websites such as LocalBitcoins.com. *See id*. at ¶ 23-27.

Following the execution of a federal search warrant, Individual 1 confirmed his or her online use of Moniker 1 and that the Defendant Virtual Currency belonged to him or her. *See* Verified Complaint ¶ 28-29, 31. Individual 1 also confirmed the Defendant Virtual Currency was commingled proceeds of computer fraud in violation of 18 U.S.C. § 1030, property involved in money laundering transactions in violation of 18 U.S.C. § 1956, and/or property traceable to such property. *See id*. at ¶ 31.

**WHEREFORE**, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the United States respectfully requests the Court the enter the attached Order of Forfeiture by Default Judgment, forfeiting to the United States all right, title, and interest in as the Defendant Virtual Currency for disposition in accordance with the law.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  */s/ Mitchell Hyman*_____
Mitchell Hyman
Assistant United States Attorney
Florida Bar No. 125405
U.S. Attorney's Office
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9283
Email: Mitchell.Hyman@usdoj.gov